IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF VIRGINIA
ROANOKE DIVISION

| | |
|---|---|
| WILLIAM I. PATRICK,   )   | |
| Plaintiff,   )   | Civil Case No. 7:20-cv-00617 |
| v.   )   | |
|   )   | |
| SUPERINTENDENT JEFFREY   )   | By: Elizabeth K. Dillon |
| NEWTON, *et al.*,   )   | United States District Judge |
| Defendants.   )   | |

## MEMORANDUM OPINION

William I. Patrick, a Virginia inmate proceeding *pro se*, filed this action pursuant to 42 U.S.C. § 1983, naming four defendants: Jeffrey Newton (the Superintendent of the Middle River Regional Jail ("MRRJ"), Captain Paisel, the MRRJ Authority, and the "Virginia Board of Correction," which the court presumes is a reference to the Virginia Department of Corrections ("VDOC"). (Dkt. No. 1.) He has recently sent two additional documents to the court. In the first, docketed as a motion to amend, Patrick seeks to substitute Captain Powell for Captain Paisel. (Dkt. No. 7.) The court will grant the motion to amend and substitute Powell as a defendant for Paisel. The second document was docketed by the Clerk as "additional evidence," but it appears to be an attempt to add an additional claim based on events arising on December 6, 2020. The court will treat that filing (Dkt. No. 8) as a supplemental complaint.

Under 28 U.S.C. § 1915A(a), the court must conduct an initial review of a "complaint in a civil action in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity." *See also* 28 U.S.C. § 1915(e)(2) (requiring court, in a case where plaintiff is proceeding *in forma pauperis*, to dismiss the case if it is frivolous or fails to state a claim on which relief may be granted). Pleadings of self-represented litigants are given a liberal construction and held to a less stringent standard than formal pleadings drafted by lawyers. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (per curiam). Liberal construction does not mean,

however, that the court can ignore a clear failure in pleadings to allege facts setting forth a claim cognizable in a federal district court. *See Weller v. Dep't of Social Servs.*, 901 F.2d 387, 391 (4th Cir. 1990). Applying these standards to Patrick's complaint, the court concludes that it is subject to dismissal pursuant to § 1915A(b)(1). Furthermore, nothing about his allegations suggest that an opportunity to amend would cure the deficiencies in his complaint. Accordingly, the court will dismiss this action with prejudice.

## I. FACTUAL BACKGROUND

Patrick's complaint does not contain a lot of detail and only references a single claim. The only factual allegations he offers in support are as follows:

> Defendants violated my 14th Amendment by locking me down and not giving me a due process hearing. The defendants acted in their official capacity and the Defendants are responsible because [they] make up the MRRJ and its body takes all defendants to properly run this entity. Virginia Board of Corrections is in charge of designing polic[ies], procedures, as other Defendant insid[e] of this facility.

(Compl. 2, Dkt. No. 1.) He seeks $1 million in "punitive and emotional mental distress damages."

In his supplemental complaint (Dkt. No. 8), Patrick states that he was locked down inside his cell on December 6, 2020, as the result of another inmate's "issue with an officer," and that the lockdown violated his Fourteenth Amendment rights. He claims that he is being "punished" for something involving another inmate. He also makes the general allegation that "all these amendments and rules are constantly violated inside M.R.R.J. Officers constantly use force and aggression against inmates." (*Id.* (spelling corrected)) He offers no other details to support these allegations.

## II.  DISCUSSION

"To state a claim under § 1983[,] a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law." *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (citation and internal quotation marks omitted).  Patrick asserts a violation of his Fourteenth Amendment right to due process, but he has failed to state facts giving rise to a constitutional violation.

To state a violation of due process, a § 1983 plaintiff must first "identify a protected liberty or property interest" of which he was deprived.  *Prieto v. Clarke*, 780 F.3d 245, 248 (4th Cir. 2015).  For an inmate to establish a constitutionally protected liberty interest requires a showing of an "atypical and significant" hardship or deprivation in relation to the ordinary incidents of prison life.  *See Sandin v. Conner*, 515 U.S. 472, 484 (1995) (holding that disciplinary segregation did not present the type of atypical, significant deprivation that would give rise to a protected liberty interest).  Patrick simply states that he was placed on lockdown for an unspecified period of time because of the actions of another inmate and without a hearing.  A temporary lockdown, however—and regardless of whether it is an individualized sanction or an institution-wide lockdown—does not give rise to a constitutionally protected liberty interest under the rationale of *Sandin* because is it not an atypical or significant hardship or deprivation. *Alley v. Angelone*, 962 F. Supp. 827, 834 (E.D. Va. 1997) (relying on *Sandin* to conclude that the prisoner plaintiffs "were not entitled to due process prior to the imposition of an institutional lockdown."); *Pevia v. Shearin*, No. CV ELH-14-2928, 2015 WL 9311970, at *13 (D. Md. Dec. 22, 2015) (same).  Because no constitutionally protected liberty interest was involved, no hearing was required to place Patrick in lockdown.  For this reason alone, Patrick's claims against all defendants fail.

Furthermore, Patrick's claims fail because he does not identify any particular defendant who took any particular action against him.  "To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color of state law."  *Loftus v. Bobzien*, 848 F.3d 278, 284–85 (4th Cir. 2017) (internal quotation marks omitted).  Particularly important here, liability under § 1983 is "personal, based upon each defendant's own constitutional violations."  *Trulock v. Freeh*, 275 F.3d 391, 402 (4th Cir. 2001) (internal citation omitted).  Thus, a § 1983 claim requires factual detail about each defendant's personal involvement.  *See Wilcox v. Brown*, 877 F.3d 161, 170 (4th Cir. 2017) (explaining that liability will lie under § 1983 only "where it is affirmatively shown that the official charged acted personally" in the violation of plaintiff's rights and affirming dismissal of claim where plaintiff did not allege personal involvement by defendant) (quoting *Vinnedge v. Gibbs*, 550 F.2d 926, 928 (4th Cir. 1977)).  Patrick does not identify anything that Newton or Powell individually did to violate his rights.  Therefore, he fails to state a claim against either one of them.

If Patrick is asserting supervisory liability claims against the Newton and Powell, such claims also fail.  "In order to succeed on a § 1983 claim for supervisory liability, a plaintiff must show: (1) that the supervisor had actual or constructive knowledge that [a] subordinate was engaged in conduct that posed 'a pervasive and unreasonable risk' of constitutional injury to citizens like the plaintiff; (2) that the supervisor's response to that knowledge was so inadequate as to show 'deliberate indifference to or tacit authorization of the alleged offensive practices,'; and (3) that there was an 'affirmative causal link' between the supervisor's inaction and the particular constitutional injury suffered by the plaintiff."  *Wilkins v. Montgomery*, 751 F.3d 214, 226 (4th Cir. 2014) (quoting *Shaw v. Stroud*, 13 F.3d 791, 799 (4th Cir. 1994)).  Not

only has Patrick failed to otherwise state a constitutional violation, as already discussed, but he also has wholly failed to state any facts on which either Newton or Powell could be liable under such a theory.

With regard to the Patrick's claim against the MRRJ Authority, "[l]ocal governing bodies . . . can be sued directly under § 1983 for monetary, declaratory, or injunctive relief where . . . the action that is alleged to be unconstitutional implements or executes a policy statement, ordinance, regulation, or decision officially adopted and promulgated by that body's officers." *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 690 (1978). Thus, a governmental entity, such as a regional jail authority, is liable under § 1983 only when the entity itself is a "moving force" behind the deprivation. *Polk Cty. v. Dodson*, 454 U.S. 312, 326 (1981). That is, the entity's official policy or custom must have played a part in the alleged violation of federal law. *Oklahoma City v. Tuttle*, 471 U.S. 808, 817–18 (1985). Patrick does not allege that any official policy or custom was responsible for the violations or injuries he allegedly suffered, and, therefore, he has failed to state a claim against the MRRJ Authority for this reason, too.

Patrick's claim against the VDOC also fails because VDOC has Eleventh Amendment immunity from any claim for damages and is not a "person" subject to suit under § 1983. *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989). Patrick's claims against VDOC are also subject to dismissal on this ground, as well.

Lastly, to the extent that any of Patrick's factual allegations can be interpreted as attempting to assert a state-law claim, the court declines to exercise jurisdiction over any such claim, given the dismissal of his federal claims. *See* 28 U.S.C. § 1367(c)(3).

## III. CONCLUSION

For the foregoing reasons, the court will grant Patrick's motion to amend and direct the Clerk to substitute Captain Powell for Captain Paisel. The court also will summarily dismiss Patrick's complaint with prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for failing to state a claim upon which relief may be granted. To the extent the complaint could be construed as asserting any state-law claim, the court will dismiss any such claim without prejudice to Patrick's ability to pursue it in state court.

An appropriate order will be entered.

Entered: December 29, 2020.

*/s/ Elizabeth K. Dillon*

Elizabeth K. Dillon
United States District Judge